UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA LOX,

    Plaintiff,

v.                              Case No.:  8:23-cv-140-NHA

KILOLO KIJAKAZI
Acting Commissioner of Social
Security

    Defendant.
_____/

**ORDER**

Plaintiff Sandra Lox asks the Court to reverse the September 23, 2022 decision finding that she is no longer disabled and denying her claims for a period of disability and disability insurance benefits. Having reviewed the parties' briefing and the record, I find that the Administrative Law Judge ("ALJ") erred by finding that Ms. Lox's diabetes limited her ability to work but then failing to explain how it did so, or how he accounted for such limitations in determining Ms. Lox's residual functional capacity (RFC). Accordingly, I remand this matter for further proceedings.

    **I.    Background**

Ms. Lox, who was born in 1984, has a high school education, and has previously worked in the army, as a security officer, as a correctional officer,

and as an application processor at a condominium complex. R. 20, 254, 32, 33, 47.

Ms. Lox claims she became disabled on November 15, 2014, and was unable to work due to her bipolar disorder, degenerative disc disease, generalized anxiety disorder, post-traumatic stress disorder, and diabetes mellitus with neuropathy. R. 383, 36. Ms. Lox applied for disability insurance benefits on July 10, 2017. R. 254. The ALJ determined that Ms. Lox did have several severe impairments, specifically, bipolar disorder, degenerative disc disease, and diabetes mellitus with neuropathy. R. 72. The ALJ found that the severity of her combined impairments, particularly in light of her bipolar disorder, met or medically equaled the criteria of section 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 73-74. The ALJ noted that Ms. Lox's mental health impairments caused—among many other behaviors—non-compliance with her diabetes treatment. R. 74. The ALJ granted Ms. Lox's request for disability insurance benefits, ruling that Ms. Lox was disabled but that "[m]edical improvement was expected with appropriate treatment." R. 75.

Then, on January 22, 2021, Ms. Lox received a cessation notice, stating that she had medically improved. R. 125-134. Specifically, it indicated that Ms. Lox had a "significant decrease in medical severity" and, as a result, Ms. Lox could perform unskilled, sedentary work. R. 171-172.

Ms. Lox filed a request for reconsideration, and an informal hearing was held on December 1, 2021. R. 163-164. On December 7, 2021, Ms. Lox received a decision stating her benefits would cease. R. 163. In response, Ms. Lox filed a request for a hearing before an ALJ to contest the cessation. R. 178-179.

On August 17, 2022, an ALJ held a hearing (R. 28-41). Ms. Lox testified in that hearing that she is a "type 1 brittle diabetic," meaning that she has uncontrolled diabetes. R. 36. She reported that she must take a minimum of four insulin shorts per day and sometimes six depending on her diet. R. 36. She further testified that "with each additional food or if I'm in pain or stressed out, then I have to give extra shots because my sugar goes up high. A brittle diabetic is uncontrolled diabetes, so they can't get my diabetes in control. I always run high." R. 36, 37. She stated that her anxiety, depression, and obesity further complicated her diabetes and her management of blood sugar levels. R. 391.

On September 23, 2022, the ALJ issued an opinion finding Ms. Lox's disability ended on January 22, 2021. R. 10. He found that Ms. Lox still suffered from the severe impairments of "degenerative disc disease; type 1 diabetes mellitus with neuropathy; obesity; bipolar disorder; and anxiety disorder," (R. 12) but that her "mental health symptoms ha[d] significantly improved" (R. 14). He found Ms. Lox no longer impairments that "met or

3

medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. R. 12.

However, the ALJ did find that Ms. Lox's severe impairments, including type 1 diabetes mellitus with neuropathy, "cause more than minimal limitation in [her] ability to perform basic work activities." R. 15. The ALJ's discussion of Ms. Lox's work limitations addressed Ms. Lox's mental impairments (specifically, her bipolar disorder and anxiety disorder) as well as certain physical impairments (her degenerative disc disease and spine injury). R. 16, 19. However, the ALJ did not discuss any work-related limitations relating to Ms. Lox's diabetes. R. 15-19.

Notably, during the hearing that preceded his opinion, the ALJ asked a hypothetical question to the vocational expert ("VE") relating to the work abilities of a person with brittle diabetes. R. 40. Specifically, he asked the following:

> If an individual was a brittle diabetic and their blood sugars would fluctuate throughout the day and there would be times when they would be unable to effectively concentrate, the dosage wouldn't be – oh, the insulin dosage would not have the desired effect right away and sometimes a minor mistake or a miscalculation would cause the individual to really lose concentration for up to two hours in a given day, is competitive work possible if that happens over and over and over again a few times a week where you really can't get your blood sugars adjusted and you're just, you know, off task and with no concentration every week?

R. 40-41. The VE responded:

> No, sir, if multiple days a week a person was off task 25 percent of the time, it is – that hypothetical would detect, oh, they would not be able to retain any type of work. If the person is off task in excess of ten percent of the time routinely, that's excessive to retain any type of job.

*Id.*

The ALJ's opinion did not ultimately incorporate these limitations into his determination of Plaintiff's residual functional capacity (RFC), or discuss why he did not.

The ALJ concluded that, due to Ms. Lox's medical improvements, she could perform light sedentary work, as mail room clerk, inspector, or garment sorter. R. 21.

Following the ALJ's decision, Ms. Lox requested review from the Appeals Council, which denied review on January 9, 2023. R. 1-6. Ms. Lox then timely filed a complaint in this Court. Doc. 1. She filed a brief opposing the Commissioner's decision (Doc. 10), the Commissioner responded (Doc. 11), and Ms. Lox replied (Doc. 12). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   Standard of Review

The Court reviews the ALJ's decision with deference to its factual findings, but no deference to its legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) ("With respect to the

Commissioner's legal conclusions, . . . our review is *de novo*."). The Court must uphold a determination by the Commissioner that a claimant is not disabled if the determination is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is merely "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curium)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if the Court finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

That said, the ALJ must state the grounds for his decision with enough clarity to enable the Court to conduct meaningful review of the standards he employs. *See Keeton*, 21 F.3d at 1066 (we must reverse when the ALJ has failed to "provide the reviewing court with sufficient reasoning for determining

6

that the proper legal analysis has been conducted"); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

In making its decision, the Court must review the entire record. *Id.*; *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citing *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987)).

### III. Analysis

Ms. Lox contends that the ALJ erred in stating that her diabetes "cause[d] more than minimal limitation in [her] ability to perform basic work activities," (R.15) but then failing to identify what limitation(s) it caused. Doc. 10, p. 6. I agree. Without an explanation of what limitation(s) the ALJ found to be associated with Plaintiff's diabetes, the Court cannot determine whether the ALJ properly addressed or accounted for such limitation(s) in forming Plaintiff's RFC.

The RFC is the most that a claimant "can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). Social Security Ruling 96-8p[1] provides "[i]n assessing RFC, the [ALJ] must consider limitations and restrictions imposed by all of an individual's impairments." Social Security Regulation

---

[1] This Ruling is binding within the Social Security Administration. 20 C.F.R. § 402.35(b)(1) ("[SSA Rulings] are binding on all components of the Social Security Administration."); *see also Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1361 (11th Cir. 2018) ("We require the agency to follow its regulations where failure to enforce such regulations would adversely affect substantive rights of individuals." (citations and internal quotations omitted)).

(SSR) 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) ("Consideration of all impairments. . . is required when assessing a claimant's RFC.").

Here, the ALJ stated that he ruled "based on all the evidence" and that he "considered all of the claimant's medically determinable impairments" when assessing Ms. Lox's RFC. R. 12, 15. However, absent from the opinion is a clear articulation of how the ALJ identified and accounted for any work limitations associated with Ms. Lox's diabetes.

Ms. Lox testified that she was a "type 1 brittle diabetic," and must take a minimum of four insulin shorts per day and sometimes six depending on her diet. R. 36. She further stated that her anxiety, depression, and obesity further complicated her diabetes and her management of blood sugar levels. R. 391.

The ALJ found that Ms. Lox's diabetes was a severe impairment and that her severe impairments, including her diabetes, caused "more than minimal limitation in [her] ability to perform basic work activities." R. 15. But, the opinion contains no further discussion of diabetes.

While this Court could surmise that some limitations in the RFC might be related to Ms. Lox's diabetes (e.g., the limitation to simple, routine tasks), those could just as easily be attributed to her other severe impairments. And the court cannot affirm simply because some rationale could have supported the ALJ's decision. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

8

Rather, the ALJ must state the grounds for his decision with enough clarity to enable a court to conduct meaningful review. *Id.* at 1514–15. Without an explanation of what limitations the ALJ believed to be associated with Ms. Lox's diabetes and how he accounted for those limitations in assessing Ms. Lox's RFC, the Court cannot conduct a meaningful review.

### IV.  Conclusion

For the reasons stated, it is ORDERED:

(1)  That Plaintiff's prayer for relief (Doc. 10) is GRANTED.

(1)  The case is REMANDED to the SSA for further proceedings consistent with this Order.

(2)  The Clerk of Court shall enter judgment in the Plaintiff's favor, terminate any pending motions, and close the case.

ORDERED on March 19, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge